UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:24-cv-06894-MCS-PVC** | Date | **February 19, 2025** |
| Title | ***Conohan v. Gen Digital Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 20)**

Defendant Gen Digital Inc. filed a motion to dismiss Plaintiff Robert Conohan's first amended class action complaint. (Mot., ECF No. 20.) Plaintiff opposed, (Opp'n, ECF No. 22), and Defendant replied, (Reply, ECF No. 24). The Court deemed the motion appropriate for decision without a hearing. (Mins., ECF No. 25.)

## I. BACKGROUND

Plaintiff, a California resident, asserts a single claim against Defendant, an Arizona corporation, for violation of California's Trap and Trace Law, California Penal Code Section 638.51. (FAC ¶¶ 4–5, 28–32, ECF No. 17.) Plaintiff alleges that Defendant's website contains software that identifies website visitors and collects their device and browser information, including geographic details and other data. (FAC ¶¶ 8–13.) Plaintiff claims that TikTok owns this software, and the data is "instantly sen[t]" to TikTok. (*Id.* ¶¶ 9, 15.) According to Plaintiff, this software

constitutes a trap and trace device under California law, and Defendant is collecting data without Plaintiff or other putative class members' consent.[1] (*Id.* ¶¶ 16–19.)

## II. LEGAL STANDARD

The Court need only recite the Rule 12(b)(2) standard here. To establish personal jurisdiction over a defendant, a plaintiff must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). California's long-arm statute is coextensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing Cal. Civ. Proc. Code § 410.10). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To establish general jurisdiction, courts look to whether a party's contacts with the forum state are "substantial or continuous and systematic" so as to "approximate physical presence" in the state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation marks omitted).

To establish specific jurisdiction, the Ninth Circuit employs a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

---

[1] The complaint contains limited allegations related to Plaintiff's interactions with Defendant's website. Notably, there are scant allegations about what dates he visited the website, whether he purchased Defendant's product, how he knows that the website captured his data, or which data the website specifically captured.

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (internal quotation marks omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.*

## III. DISCUSSION

Defendant moves to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. (Mot. 9.) The Court only reaches the first argument.

Plaintiff alleges that the Court has specific personal jurisdiction over Defendant because "Defendant has purposefully directed its activities to [California] by regularly engaging with individuals in California through its website." (FAC ¶ 2; *see also* Opp'n 2–13.)[2] Plaintiff claims "Defendant's illegal conduct is directed at and harms California residents." (FAC ¶ 2.) Defendant contends that these allegations are insufficient to establish specific jurisdiction. (Mot. 14–18.) The Court agrees and grants Defendant's motion.

To satisfy the first prong of the *Schwarzenegger* test in tort actions, plaintiffs must allege the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (internal quotation marks omitted). Focusing on the second element, when considering whether "tortious conduct on a nationally accessible website is expressly aimed" at a certain forum, courts look at whether a plaintiff has alleged "something more" than the mere maintenance of the website in the forum. *Mavrix*, 647 F.3d at 1229. This includes weighing the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant "individually targeted" a plaintiff in that specific forum. *Id.* (internal quotation marks omitted).

---

[2] No party has advocated application of general personal jurisdiction.

Here, the only allegations that can be reasonably construed to address the "expressly aimed" element are barebones allegations that Defendant "purposefully directed its activities" to California by "regularly engaging" with California residents. (FAC ¶ 2.) Plaintiff's opposition is equally lacking. Plaintiff contends that Defendant "expressly aimed" its efforts at California because it sold antivirus software on a website that California residents could access. (Opp'n 9.) Plaintiff likens this to *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023). However, *Herbal Brands* is only instructive as to the deficiency of Plaintiff's allegations. There, the Ninth Circuit concluded that the district court had personal jurisdiction over a retailer based in New York who sold products online to Arizona because the sale and delivery of products to Arizona were "something more" than maintaining a website. *Id.* at 1092–93. In its ruling, the panel considered relevant allegations that the defendants maintained an online storefront targeting products to Arizona consumers and then delivered the products specifically to Arizona. *Id.* at 1094–95. In contrast, no such allegations exist here. Plaintiff does not even allege that he availed himself of Defendant's services as the plaintiff did in *Herbal Brands*. *See Zarif v. Hwareh.Com, Inc.*, No. 23-cv-0565-BAS-DEB, 2024 U.S. Dist. LEXIS 52900, at *10–11 (S.D. Cal. Mar. 25, 2024) (finding that plaintiff's "mere browsing and use of Defendant's website" did not establish personal jurisdiction).

Defendant's references to *Heiting v. Marriott International, Inc.*, No. 2:23-cv-10822-JLS-MAA, 2024 U.S. Dist. LEXIS 144206 (C.D. Cal. Aug. 4, 2024), are more apt. There, the plaintiff, a California resident, allegedly accessed a website operated by the defendant, a Delaware corporation with principal place of business in Maryland, and then claimed her data was shared with a third party. *Id.* at *1–2. The court found that the plaintiff lacked allegations that the defendant "expressly aimed" its efforts at California through its website. *Id.* at *11–12. The court rejected the plaintiff's "conclusory statements" about the defendant's California-specific focus and opined that the plaintiff "offer[ed] no facts to support these statements or to distinguish California from any other state." *Id.* at *12. Therefore, the court found that it did not have specific personal jurisdiction over the defendant. *Id. Heiting* bears a striking resemblance to the present case, where Plaintiff only includes barebones allegations linking Defendant's conduct to California and tries to rely on limited, conclusory statements about Defendant's business to satisfy the jurisdictional inquiry. The Court is unconvinced and finds that it does not have personal jurisdiction over Defendant.

## IV. JURISIDCTIONAL DISCOVERY AND LEAVE TO AMEND

In a footnote, Plaintiff requests jurisdictional discovery "into the topics the Court f[inds] insufficient," as well as leave to amend. (Opp'n 12 n.1.) Specifically, Plaintiff seeks discovery on the data Defendant received and sent to TikTok. (*Id.*) District courts have broad discretion to permit or deny jurisdictional discovery. *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). The Court does not believe that the discovery Plaintiff seeks is relevant to the issue of whether Defendant expressly aimed its conduct at California or whether it did "something more" than maintain its website. Nor does Plaintiff provide any persuasive authority or argument suggesting that the Court should grant such discovery, especially considering the limited allegations linking Defendant's conduct to California. The Court denies Plaintiff's request for jurisdictional discovery. *Heiting*, 2024 U.S. Dist. LEXIS 144206, at *13–14 (denying a similar request). The Court also finds that leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Based on Plaintiff's amended complaint, as well as his argument in his opposition brief, the Court is skeptical that any new allegations could establish personal jurisdiction in this forum. It appears Plaintiff is more interested in obtaining information on the alleged data exchanged between Defendant and TikTok than adding any allegations that Defendant's website expressly targeted California residents. Therefore, the request is denied. *See Mercan v. Proquest*, No. 2:23-cv-08817-AB-MAA, 2024 U.S. Dist. LEXIS 63248, at *10–11 (C.D. Cal. Apr. 3, 2024) (granting a motion to dismiss for lack of personal jurisdiction without leave to amend for similar reasons); *Pireson v. Chiarello*, No. CV 24-11080 PA (SKx), 2025 U.S. Dist. LEXIS 26574, at *10–11 (C.D. Cal. Feb. 13, 2025) (same); *Knoles v. Teva Pharms. USA, Inc.*, No. 17-cv-06580-BLF, 2019 U.S. Dist. LEXIS 180174, at *16 (N.D. Cal. Oct. 17, 2019) (same).

## V. CONCLUSION

The Court grants Defendant's motion without leave to amend and without prejudice to refiling in an appropriate jurisdiction. The Court further denies Plaintiff's request for jurisdictional discovery. The Court will issue a judgment consistent with this Order.

**IT IS SO ORDERED.**